IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jeffrey P. Gottron,

       Plaintiff,

  v.

Commissioner of Social Security,

       Defendant.

Case No: 3:22-cv-00123

Judge James G. Carr
Magistrate Judge Thomas M. Parker

**ORDER**

This is an appeal from the denial of Social Security benefits. On January 23, 2022, Plaintiff, Jefferey Gottron, filed a Complaint seeking review of Defendant's denial of his application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). (Doc. 1). The application was for a period of disability beginning on October 27, 2020.

An administrative law judge (ALJ) rejected Plaintiff's claim. The ALJ found that the Plaintiff:

1. Met the insured status requirements of the Social Security Act through September 30, 2025;

2. Has not engaged in substantial gainful activity since October 27, 2020, the alleged disability onset date (20 C.F.R. §§ 404.157 *et seq.*, 416.971 *et seq.*);

3. Has severe impairments, namely, status-post 2015 cerebral vascular accident ("CVA") with an October 2020 multifocal infarcts in right middle cerebral artery ("MCA") distribution superimposed on old right MCA infarct, Moyamoya disease, hypertension, epilepsy, and anxiety (20 C.F.R. §§ 404.1520(c), 416.920(c));

4. Does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926);

5.  Has the residual functional capacity to perform medium work as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c) except: the claimant cannot climb ladders, ropes, or scaffolds; occasionally climb ramps and stairs; and frequently balance, crouch, kneel, stoop, and crawl. With the non-dominant left upper extremity, he can frequently handle and finger. The claimant cannot work around unprotected heights, unprotected moving mechanical machinery, or heavy machinery. He cannot perform any commercial driving. The claimant can understand, remember, and carry out work tasks, but not at a production rate pace such as working on an assembly line, and can respond to usual work situations where duties are generally static with occasional changes in work tasks. He cannot perform work that requires a daily production quota, i.e., piecework, but can perform goal-oriented work and meet end-of-day production requirements; that includes remaining on task for 2-hour segments of time. He can have occasional interaction with the general public, supervisors, and coworkers;

6.  Is unable to perform any past relevant work (20 C.F.R. §§ 404.1565 and 416.965);

7.  Was born on October 5, 1989 and was 31 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 C.F.R. §§ 404.1563 and 416.963);

8.  Has at least a high school education (20 C.F.R. §§ 404.1564 and 416.964);

9.  Is "not disabled," under the Medical-Vocational Rules framework, whether or not he has transferable job skills (see SSR 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2);

10. Can, considering his age, education, work experience, and residual functional capacity, perform jobs that exist in significant numbers in the national economy (20 C.F.R. §§ 404.1569, 404.1569a, 416.969, and 416.969a); and

11. Has not been under a disability, as defined in the Social Security Act, from October 27, 2020 through October 18, 2021 (20 C.F.R. §§ 404.1520(g) and 416.920(g)).

(Doc. 6, pgID 41-50).

Pursuant to Local Civ. R. 72.2(b) (Automatic Reference), I referred the Complaint to Magistrate Judge Thomas M. Parker for issuance of a Report & Recommendation (R&R). The Magistrate Judge filed his R&R on October 5, 2022. (Doc. 10).

In the R&R, Magistrate Judge Parker recommends that I affirm the Defendant's decision. The Magistrate Judge further duly notified the parties of the deadline for filing objections. On October 19, 2022, Plaintiff filed Objections to the Magistrate Judge's R&R. (Doc. 11). On

November 2, 2022, Defendant filed a non-substantive Response to Plaintiff's Objections that merely indicated her agreement with the R&R. (Doc. 12).

On *de novo* review, *see* 28 U.S.C. § 636(b)(1), I find the R&R well-taken in all essential respects.[1] I overrule Plaintiff's Objections, adopt the R&R as the order of the court, and affirm the Commissioner's decision.

## Discussion

Gottron appears[2] to raise two Objections to the R&R:

1. The Magistrate Judge incorrectly found that substantial evidence supported the ALJ's determination that Gottron did not meet a Listing; and

2. The Magistrate Judge incorrectly found that substantial evidence supported the ALJ's Residual Functional Capacity (RFC) analysis.

(Doc. 11, pgID 1038-39). In other words, Gottron raises issue with the Magistrate Judge's findings that substantial evidence supported the ALJ's analysis at steps three and four of the five-step sequential analysis for a disability determination.

---

[1] I find one insignificant error in a statement of law in the R&R. The Magistrate Judge stated:

> "Subsection C of Listing 11.04 requires a claimant to have marked limitation in physical functioning as well as a marked limitation *in a least two* of the four areas of mental functioning listed above. 20 C.F.R. Pt. 404, Subpart P, App. 1 § 11.04C."

(Doc. 10, pgID 1028) (emphasis added).

But, as the Magistrate Judge correctly noted earlier in his R&R, Subsection C of Listing 11.04 only requires a marked limitation in one, not two, of the four listed areas of mental functioning. (*Id.*, pgID 1025). In any case, there is no indication that the Magistrate Judge applied the erroneous legal standard. Nor that, but for an application of the incorrect standard, Plaintiff's claim would have succeeded. I therefore adopt the entirety of the R&R aside from this one erroneous statement.

[2] Gottron has neither numbered nor otherwise labeled his Objections.

3

Neither of Gottron's Objections warrant departure from the R&R. He incorporates by reference arguments that were before the Magistrate Judge. The Magistrate Judge directly and thoroughly addressed these now-recycled arguments.

Gottron's first Objection fails. As the Magistrate Judge notes, Gottron's arguments for meeting any Listing are "under-developed." (Doc. 10, pgID 1028). The Magistrate Judge elaborates that Gottron failed "to articulate a theory, or subsection, under which he believes he has met his burden to meet . . . any listing." (*Id.*, pgID 1027). This remains the case in his Objections. (Doc. 11). There, Gottron has not identified a single Listing that the Magistrate Judge incorrectly analyzed; let alone a single criterion of a Listing that he meets.

In his Objections, Gottron focuses on the ALJ's findings regarding the proffered residual loss of his left upper extremity (*Id.*, pgID 1038). But the ALJ appropriately cited numerous instances in the record undercutting the meeting of any Listing due to weakness in Gottron's left upper (and left lower) extremity. (Doc. 6, pgID 46-48). As the Magistrate Judge recognizes, there is also evidence in the record of supporting Gottron's proffer of weakness in his left extremities. (Doc. 10, pgID 1029). Nevertheless, the medical records contradicting Gottron's argument constitute substantial evidence for the ALJ's determination.

Gottron's first Objection amounts to a request that I reweigh the evidence for and against his case – something that is not appropriate for me or the Magistrate Judge to do. *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). As the Magistrate Judge thoroughly explained, the ALJ appropriately considered the Listings that Gottron's condition might meet – 11.02 (Epilepsy), 11.04 (Vascular Insult to the Brain), and 12.06 (Anxiety and Obsessive-Compulsive Disorders). The ALJ exhaustively set forth the criteria for each of these

4

listings and explained, through citation to appropriate evidence, why Gottron did not meet those criteria. (Doc. 6, pgID 42-45).

I entirely agree with the ALJ's determination that Gottron has failed to establish that he met a Listing. I find so in light of substantial evidence supporting the decision, along with the other reasons that the Magistrate Judge raises, *i.e.* that Gottron waived his argument that he met Listing 11.02 by failing to make it until his Reply brief. (Doc. 10, pgID 1031).

Because the Magistrate Judge is entirely correct that Gottron has not satisfied a Listing, he fails at step three of the five-step sequential analysis, and there is no need for me to consider his Objection regarding step four, the ALJ's RFC analysis.

Even so, I agree with the Magistrate Judge that substantial evidence supports the ALJ's RFC analysis. Here again, Gottron's Objection merely amounts to a request that the Magistrate Judge and I reweigh the evidence in the record. As I note *supra*, that is not appropriate for either of us to do.

In any case, the ALJ cites to multiple pieces of evidence supporting the RFC finding that Gottron can perform work at a medium level of exertion, subject to certain limitations. (Doc. 6, pgID 45-48). These include, but are not limited to, the opinion of a State doctor that Gottron "can occasionally lift or carry 50 pounds, and frequently lift or carry 25 pounds" and Gottron's own admission in March 2021 that "everything seems to be almost back to normal." (*Id.*). For these and the other reasons that the Magistrate Judge gives, substantial evidence supports the ALJ's RFC analysis.

Neither of Plaintiff's Objections are well taken.

5

Accordingly, it is hereby

ORDERED THAT:

1. Plaintiff's Objections to the Magistrate Judge's Report & Recommendation (Doc. 11) be, and the same hereby are, overruled;

2. The Magistrate Judge's Report & Recommendation (Doc. 10) be, and the same hereby is, adopted as the Order of this court in a manner consistent with this Opinion; and

3. The Commissioner's final decision denying Plaintiff's applications for DIB and SSI be, and the same hereby is, affirmed.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge
